HARRIS, J.,
concurring and concurring specially:
In this Anders appeal,. the defendant was convicted of, in addition to other serious offenses, the crime of attempted second degree murder. Clearly, under current law, this is a crime in Florida. I understand, however, that the supreme court may be reconsidering this issue. I wrote a conventional dissent in Watkins v. State, 705 So.2d 938 (Fla. 5th DCA 1998), questioning whether, under Blockburger, an attempt to commit one crime could ever be a lesser included offense of an attempt to commit another crime because the specific intent to commit the underlying offense would always constitute a separate element. I have chosen the following method to point out my confusion as to whether there is logically an offense of attempted second degree murder and, if so, whether a meaningful difference exists between attempted second degree murder and aggravated battery in those cases in which there was a known victim and in which the defendant intentionally inflicted serious bodily injury on that victim.
“Harold, another person has been convicted of that crime which surpasses all understanding.”
“What are you talking about, George? The defendant was convicted herein of attempted second degree murder.
*1248 “So what did he do, Harold?”
“He intentionally shot the victim and almost killed him.”
“Isn’t that a classic case of attempted first degree murder?”
“The jury acquitted the defendant of attempted first degree murder finding, I suppose, that he did not premeditate the death of the victim.”
“Then why wasn’t the defendant convicted of attempted manslaughter instead of attempted second degree murder?”
“In attempted manslaughter, it must be proved that the defendant intended to kill the victim but without premeditation. By not finding defendant guilty of attempted manslaughter, the jury must have found that the defendant had no intent at all, premeditated or otherwise, to kill the vie1 tim.”
“Okay. Unless this shooting was accidental, and no one contends it was, then we either have a premeditated intent to kill, rejected by the jury, or an unpremeditated intent to kill, again rejected by the jury, or an intentional act intended to cause and which did cause serious bodily injury. Why wasn’t the defendant convicted of aggravated battery?” •
“Because of the defendant’s state of mind. In attempted second degree murder, the defendant must have intended to commit an act which could cause death or great bodily injury without regard for human life. In other words, the defendant commits the act without caring whether the victim lives or dies. In aggravated battery, on the other hand, the defendant must intentionally commit an act with the intent of causing great bodily harm. Do you see the difference?”
“I recognize the old law school example that if one shoots into the windows of a moving train, not knowing whether anyone is behind the window, and kills someone, he has committed second degree murder. But how do you attempt that?”
“If the victim dies, second degree murder; if the victim doesn’t die, attempted second degree murder.”
“Then: it is the attempt to kill the victim that is the basis of the offense?”
“No, of course not. If the defendant intended to kill the victim but failed, the crime would be either attempted first degree murder or attempted manslaughter. The offense must be the attempt to commit the act which put the victim in jeopardy. In this case, shooting the victim in the stomach.”
“Was that attempted?”
“It was both attempted and completed.”
“Is that an oxymoron?”
“I see what you mean. Perhaps I can’t explain it but to say there is a crime of attempted second degree murder because the supreme court says there is.”
“You’ve got me there. Even so, if one intentionally causes great bodily harm or intentionally causes permanent disability— in other words, commits aggravated battery — an act which might also result in death and an act which itself evidences a certain lack of regard for human life, a total absence of care as to whether the victim lives or dies, are not the elements of this offense remarkably similar to those of attempted second degree murder”
“I don’t deny that.”
“Then why is not the defendant guilty of the completed crime of aggravated battery instead of the crime of attempted second degree murder?”
“Again, it’s the state of mind of the defendant. To commit the offense of attempted second degree murder, defendant would have had to have a state of mind that you might call “enhanced indiffer *1249 ence” as opposed to the general indifference required in aggravated battery. At least, that’s the only difference I can see.”
“You mean, then, it’s the degree of indifference which the defendant has as he deliberately shoots the victim, the quantum of the difference in the indifference reflected by merely intentionally causing great bodily harm, whatever indifference that might entail, and the enhanced indifference shown by not caring whether the victim lives or dies?”
“Now you have it. It’s intentionally committing an act which could do serious bodily harm, or even kill the victim, with the state of mind of not caring one way or the other.”
“That certainly covers the shooting into the train windows from a distance. But tell me; if the defendant intentionally and knowingly stabs someone with a knife, or hits him over the head with a hammer, or shoots him, causing great bodily harm in any instance without exhibiting any concern for the victim, has he committed aggravated battery or attempted second degree murder?”
“Yes.”
“Yes?”
“It really depends on the whim of the prosecutor.”
“Certainly every charge of attempted second degree murder in which the defendant knowingly and intentionally directs his action toward a known individual will include either the incorporated, completed aggravated battery (but not as a lesser included offense since they are of the same degree) or at least the attempt to commit an aggravated battery. Under the State’s theory, even an attempted aggravated battery against a known victim — the defendant swung the hammer at his neighbor but missed — could constitute attempted second degree murder.”
“Of course.”
“There’s really not much room in this interstice between the indifference shown by intentionally causing great bodily harm on the one hand and committing an act evidencing a disregard for human life on the other for this “enhanced indifference” to exist, is there?”
“Just enough to justify the offense of attempted second degree murder. And why are you so concerned since both attempted second degree murder and aggravated battery are second degree felonies?”
“I suppose it’s an insatiable curiosity to know why the law is as it is. Also it’s my belief that if attempted second degree murder was not listed as a necessary lesser included offense to attempted first degree murder, no prosecutor would charge the offense since, under the guidelines, aggravated battery is a more serious offense than attempted second degree murder. In any event, your final argument has convinced me. I concur in the affir-mance.”